## The Blue Ribbon Garage, Inc. *vs.* Henry Klein et als.

Third Judicial District, Bridgeport, October Term, 1929.
Wheeler, C. J., Maltbie, Haines, Hinman and Banks, Js.

Argued November 1st, 1929—decided January 6th, 1930.

*Maurice J. Buckley,* with whom, on the brief, was *John A. Walsh,* for the appellants (defendants).

*Henry E. Shannon,* with whom, on the brief, was *John Smith,* for the appellee (plaintiff).

Wheeler, C. J.   The case was tried upon a stipulation of facts made by the parties, supplemented by the admissions of the pleadings which are with one or two exceptions incorporated in the finding of the court;

none of the findings are questioned except in one particular. These facts are: On December 10th, 1927, the defendants Klein and Gmahle were the owners of an automobile truck which, while being operated in Norwalk, collided with a car driven by Phillips, who was intoxicated and driving without a license, and as a result the defendants' truck was considerably damaged. Subsequently Taylor, acting as the agent of Phillips, agreed with Klein to have the repairs to the truck made and paid for by Taylor, and Klein then pointed out such repairs as would be satisfactory to him. A few days after the collision Taylor called Klein by telephone and informed him that he was at plaintiff's garage and requested him to bring his damaged car to the garage, which he did; in the garage Taylor told him to point out to the plaintiff's agent all the repairs he wanted made on the truck and that he, Taylor, would pay for them. Thereupon Klein, in the presence of Taylor and with his approval, pointed out the repairs which would be satisfactory to him. Taylor, acting for Phillips, then ordered the agent of the plaintiff to make these repairs. The plaintiff at this time requested Klein to sign a written order covering these repairs but Klein refused, stating that he would not sign any written order binding him for the repairs, whereupon Taylor said he would sign the order and he did so as the agent of Phillips whom he was authorized to so represent. The repair order signed by C. H. Phillips recites, "Owner C. H. Phillips," and the charges made under this order for $124.85 were fair and reasonable.

The plaintiff claimed a lien on the truck by reason of the repairs as specified in this order and refused to surrender it to Klein and Gmahle. Subsequently the owners of the truck obtained from the City Court of Stamford an order directing the plaintiff to sur-

render the truck upon receipt of a bond for the release of this lien and for the payment of any judgment that might be rendered against Klein and Gmahle not exceeding $125. The plaintiff obeyed this order and instituted the present action.

Klein and Gmahle moved to strike out part of paragraph eight of the finding that "the possession of said truck was thereupon turned over to said Taylor, acting for said Phillips," and to substitute, that during the time the plaintiff's agent, Klein, and Taylor were in the garage, and at the time of the signing of the order, the truck was always in the possession of its owner, Klein. They predicate one of their assignments of error upon the refusal of the court to make this correction of the finding.

We find nothing in the stipulation of facts or in the admissions of the pleadings which would justify this finding or which would permit it to be deduced as a reasonable inference from them; on the contrary the substitution claimed may be reasonably and logically deduced from the facts stipulated and the admissions in the pleadings. The finding that the possession was turned over to Taylor was essential to the maintenance of an action by the plaintiff within Chapter 235 of the Public Acts of 1925, which provides that no action shall be maintained for any charges for repairs made by any repairman or automobile mechanic exceeding the sum of $50 unless the same be authorized in writing by the owner or possessor for any expenditure in excess of that sum. The plaintiff agreed to make the repairs upon this truck upon the credit of Phillips, under a written order signed by him through his agent Taylor after Klein had refused in behalf of the owners to sign a written order for these repairs. Under these circumstances the plaintiff cannot maintain its action against Klein and Gmahle. They did not agree, either

expressly or impliedly, to pay for these repairs and they did not sign or authorize Taylor to sign any order as required by the statute.

There is error, the judgment is reversed and the Court of Common Pleas directed to render judgment for the defendants Klein and Gmahle.

In this opinion the other judges concurred.